ELIAS DOTY, Appellant, v. THE CITY OF CEDAR RAPIDS, Appellee.

Action to quiet title: ALLEGATION OF TITLE. An action to quiet title can not be based on a claim that there is no ownership of the property in anyone, but the plaintiff must allege some title or interest, legal or equitable, in himself.

*Appeal from Linn District Court.*—HON. F. O. ELLISON, Judge.

WEDNESDAY, JANUARY 13, 1909.

REHEARING DENIED TUESDAY, MARCH 16, 1909.

*Elias Doty* and *B. L. Wick,* for appellant.

*James W. Good* and *H. E. Spangler,* for appellee.

EVANS, C. J.—This is an action which belongs to no class. The petition prays for undefined relief which sustains no relation to its allegations. A brief and succinct statement of the petition would necessarily be unintelligible. We therefore set it out in full from appellant's abstract as follows:

On the 30th day of August, 1907, the plaintiff filed in the Linn district court a petition, stating his cause of action as follows:

(1) That he is a citizen of Iowa.

(2) That the defendant is a municipal corporation, and at a time held title in trust to block sixty-four (64) of the original town, now city, of Cedar Rapids, Iowa, said block having been dedicated to the public for park purposes by the original platters thereof, and consists of a body of land three hundred feet square, bounded on the northerly side by C Avenue, on the easterly side by Fifth Street, on the southerly side by B Avenue, and on the westerly side by Fourth Street.

(3) That prior to August 16, 1878, said defendant city inclosed said block sixty-four (64), and converted said block to municipal uses to the exclusion of the public, and that on August 16, 1878, said defendant city did by ordinance (recorded in volume 2, p. 117, Records of Ordinances of said City of Cedar Rapids, Iowa) grant to the Chicago, Milwaukee & St. Paul Railway Company a strip

of land one hundred feet wide by three hundred feet long off the westerly side of said block and adjoining Fourth Street.

(4) That on May 5, 1882, and on May 2, 1884, said city did by ordinance (recorded in City Records, volume 2, pp. 195, 268, respectively) grant to the Industrial School of Cedar Rapids the southerly one-half of the easterly two hundred feet of said block.

(5) That on May 28, 1887, said defendant city did by ordinance (recorded in volume 2, p. 528, City Records of Cedar Rapids) grant to the Cedar Rapids & Chicago Railway Company its successors and assigns a strip of said block one hundred feet wide extending from C to B Avenues and adjoining the described strip heretofore granted to the Chicago, Milwaukee & St. Paul Railway Company.

(6) That on March 9, 1901, said defendant city did by ordinance (recorded in volume 1, p. 237, Revised Ordinances of said City), declare said block sixty-four (64) to be unsuitable, insufficient, and unnecessary for the purpose for which it was originally acquired by the city, and it is hereby conveyed, assigned and transferred to the Sisters of Mercy of Cedar Rapids, Iowa, all except the one hundred foot strip granted to the Chicago, Milwaukee & St. Paul Railway Company.

(7) That the said Sisters of Mercy and the Cedar Rapids & Chicago Railway Company never entered on or occupied, possessed, or in any manner accepted the grants of said defendant city to them.

(8) The Industrial School of Cedar Rapids erected buildings on their grants soon after the grants were made by said city.

(9) That on March 15, 1904, the city marshal of defendant city removed this plaintiff's building from a vacated portion of First Street, in said city, and deposited said building on said block of land in such a manner that it rested partly on the strip described in paragraph 5 of this petition and wholly on the grant to the Sisters of Mercy, described in paragraph 6 herein, wherein plaintiff continued to occupy said building as a photograph gallery.

(10) That in the month of April, May or June, 1905, the Industrial School of Cedar Rapids voluntarily vacated

the land granted to them without ever entering the same for taxation or having any title quieted in them.

(11) That in the month of April, 1905, the defendant city vacated said easterly two hundred feet of block sixty-four (64) by removing all city property therefrom, including fences, buildings and all chattels, leaving this plaintiff solely in possession of the easterly two hundred feet of said block sixty-four (64).

(12) That the defendant has for more than 25 years wrongfully appropriated said block sixty-four (64) for municipal purposes and fenced the public from out their own park.

(13) That on the 21st day of July, 1905, said defendant city did by its attorney, J. N. Hughes, enter on said easterly two hundred feet of said block sixty-four (64) with a superior force of more than a dozen men, and, without any process of law, forcibly ejected plaintiff's building therefrom, to the damage of this plaintiff.

(14) Plaintiff in the month of March, 1907, filed with the defendant city a written request for quitclaim deed to the easterly two hundred feet of block sixty-four (64), original town, now city, of Cedar Rapids, as provided by law in section 4226 of the Code of Iowa of 1897, which request has not been granted.

Wherefore plaintiff prays the court to quiet the title to the easterly two hundred feet of block sixty-four (64) of the original town of Cedar Rapids, Iowa, in him as against any and all claims of the defendant city and for decree of court that defendant city has no further rights in said real estate, and for legal attorney's fees provided for in such causes, and such other equitable relief as the facts in this case demands.   [Duly verified.]

To this petition a demurrer was interposed, and by the court sustained. The plaintiff elected to stand upon his pleading. The court entered judgment dismissing the petition, and the plaintiff appeals.

The only note of discord sounded in the petition appears at paragraphs 9 and 13. From the first of these it would appear that the city marshal wrongfully put plaintiff on the premises, and, from the second, that the city

attorney wrongfully put him off. There is no allegation in his petition that he has, or ever had, or even claimed, any title to any part of the premises, the title to which he now asks to have confirmed and quieted in himself.

.The theory advanced in argument is that inasmuch as the city had lost its title by its alleged misuse, and by its ordinances of vacation, and inasmuch as the city marshal had deposited plaintiff's building upon such ownerless land, neither the city attorney nor any other person had a right to put him off, because he was maintaining a possession from which no one could oust him by any legal proceeding. The plaintiff claims that he thereby became vested with some kind of title to the real estate, and he asks the aid of a court of equity to quiet such title in him, and to protect him from further intrusion. The law has not developed to such a degree of ingenuity as to serve plaintiff's purpose in this regard. If the city attorney wrongfully removed the plaintiff by force of arms from the land in question, he has his appropriate remedy, which he does not seek to enforce in this action. He avers that the defendant city has no right or interest in the land described in the petition. He sets up no title or interest in himself, legal or equitable. We have therefore no jurisdiction in this case over the subject-matter. Plaintiff's only claim is based upon the contention that nobody owns the land. This is broad enough to include the plaintiff as one of the nonowners.

It is argued that an affirmance on this appeal will "establish a precedent jeopardizing all titles resting on city vacation of public grounds." This is probably so. The demurrer was properly sustained.—*Affirmed.*